The opinion of the court was delivered by
Todd, J.
1. Error assigned.
It is not intended to give any opinion upon the question, whether by contract express or implied, the attorney in a cause may not become solely responsible to the prothonotary for the price of the original writ. But, without such contract, it is clear that though the attorney directs the writ, and though the prothonotary is not bound to give any credit for it unless he thinks proper, yet if he does give credit, that credit is presumed to be given exclusively to the plaintiff in the cause. The charge entered on the docket against the attorney, can make no difference in the case, though that entry might be evidence with other facts to help to establish a special contract. Even if the attorney was responsible, and clearly bound for the price of the writ, yet neither that responsibility by itself, nor any thing else of the kind short of actual payment or satisfaction, can exonerate the Juniata Bank, the principal debtor. Therefore, as under the case of Lyon v. M‘Manus, 4 Binn. 169, it is conceded that no compulsory credit is to be given for the fee on an original writ, and as the law has not made the attorney liable in this case, and it does not appear that he has made himself so, we decide this point in favour of the plaintiff in error. The set-off was good, and ought to have gone in evidence to the jury. This decision disposes also of the 4th and 5th errors assigned.
2. The fees due in the case of Allen. The scire facias, we take to have been the commencement of a new suit, and the first action was ended, at least so far as to give the officer a right to demand his fees, and terminate the credit, under the rule established in the case of Lyon v. M‘Manus.
3. The fees due in the case of Reynolds. It is argued, there is no insolvency shown here. There is none. Nor do we consider that under the facts of this case, any insolvency need be proved. An execution had issued, and no return made, or demanded, for more than two years. The presumption then is conclusive, that the'defendant in that case, if not insolvent, has paid the debt and costs to the plaintiff below. The prothonotary has, most certainly, no right to interfere in a cause. He cannot prosecute to insolvency, nor issue an execution without orders, nor call for a return of it. The opinion of the court is, that the plaintiff in error has sustained all his exceptions; that judgment be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.